IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERNEST L. BONNER,

    Plaintiff,

  v.

FAY SERVICING, LLC; CHRISTIANA TRUST, a Division of Wilmington Savings Fund Society FSB as Trustee for ARLP Trust 2; WESTERN PROGRESSIVE, LLC; OCWEN LOAN SERVICING, LLC; and DOES 1–100, inclusive,

    Defendants.

No. C 16-01363 WHA

**ORDER CONVERTING MOTIONS TO DISMISS INTO MOTIONS FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this foreclosure dispute, defendants loan servicers move to dismiss the borrower's complaint. For the reasons set forth below, their motions will be converted to motions for summary judgment.

## STATEMENT

In July 2006, plaintiff Ernest Bonner obtained a thirty-year adjustable loan for $880,000, secured by a deed of trust with New Century Mortgage Corporation (now dissolved) to purchase real property in Alameda, California. Bonner has lived rent-free in the house for several years without paying on the home loan. By way of his own commissioned "third-party forensic mortgage securitization investigation and audit," Bonner attempts to outline the history

of his loan's securitization and chain of title (Compl. ¶¶ 3–4). He challenges his pending foreclosure by claiming that the securitization of his original mortgage loan was improper and thus void. Here are the details.

In December 2006, New Century bundled Bonner's loan in a pool with similar residential mortgage loans and sold it to Carrington Securities, LP. According to the complaint, after the first transaction occurred, Bonner's loan underwent a series of transactions during the securitization process, where it landed in the hands of an unknown lender and beneficiary (*id.* at ¶¶ 5–8). Then, in 2007, defendant Ocwen Loan Servicing, LLC, acting as attorney-in-fact for New Century, issued an assignment of the deed of trust to REO Properties Corporation.

The gist of Bonner's allegations is that Ocwen (as New Century's agent) had no interest in the deed of trust to assign to REO Properties or anyone else because New Century had already transferred all beneficial interests in the deed of trust to Carrington *before* REO Properties acquired any assets from New Century (*id.* at ¶ 11). Bonner states that "without a continuing agency relationship and authority from the unassigned and unknown new lender and beneficiary in the deed of trust, any beneficial interest that New Century Mortgage (or its servicing agent Ocwen) may have retained under the securitization agreements . . . was also effectively and completely extinguished" (*id.* at ¶ 8).

The complaint states that in 2014, despite this invalid second assignment, REO Properties transferred the loan to defendant Christiana Trust, a Division of Wilmington Savings Fund Society FSB as Trustee for ARLP Trust 2. In turn, Christiana Trust transferred the loan to Wilmington Trust, which is the entity pursuing the current foreclosure but not a defendant to this action. Ocwen also transferred the loan to another servicing agent, defendant Fay Servicing, LLC, in 2015 (*id.* at ¶¶ 2–4).

Basically, Bonner contends New Century sold his loan twice and only the original purchaser (and its successors in the chain of title) may sue on a default, not the second. Nine years after the mortgage was originally issued, Bonner received a notice of default and initiated this action against defendants (as servicers descending from the second assignment to REO Properties) for pursuing a foreclosure that he claims is illegal, null and void.

At oral argument, defense counsel explained the apparent discrepancy of the second assignment to REO Properties. While defendants agree that there was an initial assignment to Carrington, they claim that Bonner failed to pay on the original loan and it was therefore tendered back to New Century as a nonperforming loan, making the subsequent assignment by New Century to defendants valid. The complaint does not address this reassignment back to New Century and therefore does not rule out this possibility.

Bonner incorporates his theory of void assignment to allege the following claims for relief: (1) wrongful foreclosure, (2) fraud, (3) slander of title, (4) a violation of Sections 2934a(a)(1)(A) and 2924.5 of the California Civil Code, and (5) a violation of Section 17200 of the California Business and Professions Code. Bonner also seeks to permanently enjoin all foreclosure activity on his real property as well as restitution, accounting, and declaratory relief.

Bonner initiated the instant action in state court in February 2016 against defendants, who jointly removed it here on the basis of diversity jurisdiction. Defendants Fay Servicing and Christiana Trust now jointly move to dismiss for failure to state a claim and defendant Ocwen separately moves to dismiss on the same grounds. Bonner also names as defendant Western Progressive, LLC, which was listed as a trustee on the notice of default. At the hearing, Western Progressive's counsel stated that they are a non-party to the action after filing a declaration of non-monetary status in state court, which Bonner did not oppose. This order follows full briefing and oral argument.

**ANALYSIS**

Defendants contend that Bonner lacks standing to challenge the original assignment because it was at most voidable, not void. The California Supreme Court in *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 939 (2016) (emphasis added), held that "borrowers have standing to challenge assignments as void, *but not as voidable*."

Bonner alleges, to repeat, that the original lender, New Century, sold his loan to Carrington Securities for full loan value. As a result of this first assignment, Bonner alleges that the original lender had no interest in the deed of trust when it assigned the deed of trust

3

for a *second time* to REO Properties, because all beneficial interests in the deed of trust had already been transferred to another entity, Carrington, before the assignment. Consequently, the original beneficiaries failed to assign Bonner's loan to a subsequent trustee within the time frame governed by state law — on or before the closing date of December 19, 2006 (Compl. ¶ 19). Bonner alleges the assignment and all the documents related to it are null and void.

Defendants contend that Bonner's theory of improper securitization merely renders the assignment voidable at most, rather than void. Defendants contest the allegation that New Century had no interest to assign the loan to REO Properties. They claim that Bonner defaulted on the loan after it was assigned to Carrington, therefore the non-performing loan was validly tendered back to New Century for it to reassign. If it was true that the loan was put back to the originator and then reassigned, then the Court would agree that Bonner has failed to state a claim for relief.

When a complaint is challenged under FRCP 12(b)(6), we must accept the facts in plaintiff's complaint as true. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Here, however, defendants attempt to undermine Bonner's factual allegations that the assignment of this loan is void. Defendants ask the Court to take judicial notice of various documents, including notices of default and assignment records, to demonstrate that Bonner defaulted in 2007 and that the subsequent assignments were valid. In these circumstances, this order converts the motions to dismiss to motions for summary judgment.

Under FRCP 12(d), a district court may convert a motion to dismiss to a motion for summary judgment. FRCP 12(d) provides that if, on a motion to dismiss under 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Once the motion is converted, the legal standard changes and summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

Because defendants' motions to dismiss rely on evidence outside the pleadings, pursuant to FRCP 12(d) the motions will be converted into motions for summary judgment

4

under FRCP 56. Defense counsel shall have **FOURTEEN CALENDAR DAYS** to submit further competent proof to prove up their representations at the hearing concerning the reassignment back to New Century. Plaintiff's counsel shall have **TWENTY-EIGHT CALENDAR DAYS** to conduct discovery, all of which shall be expedited, more if good cause is shown. Counsel must cooperate in the discovery. At the end of discovery, plaintiff and defendants shall submit a supplement to the record, including briefing, by **NOON ON SEPTEMBER 5, 2016**.

**IT IS SO ORDERED.**

Dated: July 25, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE